UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley Dale Haines, | ) C/A No. 8:09-3235-MBS-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Sheriff H. Wayne DeWitt, Berkeley County Sheriff's Department, | ) |
| Defendant. | ) |

This is a civil action filed *pro se* by a county detainee.[1] At the time of the filing of the Complaint in this case, Plaintiff was a detainee at the Berkeley County Detention Center, also known as the Hill-Finklea Detention Center. According to the allegations contained in the Complaint, Plaintiff believes that several of the conditions of his confinement at the detention center violate his constitutional right to be free from cruel and unusual punishment. Although he names some of the detention center employees who might or might not have responsibility over the conditions of which he complains within the body of his Complaint, Plaintiff does not include those names as defendants in this case. Instead, Plaintiff names and provides service documents for only one Defendant: "Sheriff H. Wayne DeWitt, Berkeley County Sheriff's Department." There are no allegations in the Complaint showing what, if any, connection Sheriff DeWitt has with the conditions of confinement in the detention center. Although it is possible that under Berkeley County policy the sheriff is "in charge of" or "has supervisory responsibility for" the running of the center, there are no allegations in the Complaint to that effect. Even more importantly, there are no specific allegations of personal wrongdoing by Sheriff DeWitt or even of Sheriff DeWitt's

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

knowledge of constitutional violations by others over whom he has direct supervisory authority. In fact, careful review of all the allegations in the Complaint disclose no mention of Sheriff DeWitt anywhere in the Complaint except that his name is listed in the caption on page 1 and in the section on page 2 where all defendants are to be listed.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint is subject to summary dismissal as to Defendant Sheriff DeWitt because, as previously stated, following a careful review of the Complaint, there are absolutely no allegations contained in the Complaint against this Defendant. Under the provisions of the Prison

Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any wrongdoing on the part of Sheriff DeWitt, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to this "Defendant." *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003). In absence of substantive allegations of wrongdoing against the named Defendant, there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Moreover, even if this Court were to somehow construe that allegations that are in the Complaint as containing an inference that Sheriff DeWitt is in charge of the overall operation of the detention center and that Plaintiff wished to hold him liable for the failings and/or improper actions of certain detention center employees, the Complaint would still be subject to summary dismissal. The general rule is that there can be no vicarious liability under the doctrine of *respondeat superior* in civil actions such as this one brought pursuant to 42 U.S.C. § 1983.[2]

---

[2] Plaintiff's claims for damages and other relief allegedly arising from the conditions of his confinement within South Carolina state prisons are properly considered by this Court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of

Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the theory of vicarious liability[3] which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for frivolity in this case. The *Slaken* exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because, as previously noted, there are no allegations at all against Defendant DeWitt from which any kind of viable supervisory liability claim could be construed. As stated above, although Plaintiff names some detention center employees within the body of the Complaint, he does not name any of them as defendants nor does he allege that the only named Defendant was aware of the allegedly unconstitutional activities of the individual employees. Thus, Plaintiff has not alleged any "pervasive and unreasonable risk of harm from *some specified source . . .*" nor has he alleged that DeWitt's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). Since there are no allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on the part of any of the named Defendant, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

---

their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3]Plaintiff does not state what, if any, professional relationship Defendant DeWitt may or may not have with any unnamed individual who might have personally violated the United States Constitution in their dealings with Plaintiff, if Berkeley County policy places its sheriff in charge of the detention center, DeWitt could be considered "a supervisor" with respect to detention center employees.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                               s/Bruce Howe Hendricks
                                               United States Magistrate Judge

January 12, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).